UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROGER WILLIAM CARD, III,
    Plaintiff,

    v.                                            CASE NO. 3:14-cv-830(SRU)

DR. COLEMAN, ET. AL.,
    Defendants.

**RULING AND ORDER**

        The plaintiff, Roger William Card, III, currently incarcerated at Cheshire Correctional Institution filed this civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983. On August 2014, the plaintiff sought leave to amend to identify the first name of defendant Coleman as Joseph, to correct the first name of defendant Gagne to be Gerard and to identify defendant Claudia Doe as Claudia Griffin, L.C.S.W. The motion for leave to amend to further identify defendants Coleman, Gagne and Doe is granted. The Clerk is directed to revise the docket to reflect that Dr. Coleman's first name is Joseph and Dr. Gagne's first name is Gerard. The defendant listed on the docket as Claudia Doe shall be terminated and Claudia Griffin, L.C.S.W. shall be added as a defendant. Thus, the defendants named in the Complaint are Dr. Joseph Coleman, Dr. Patel, Dr. Mark A. Frayne, Dr. Gerard Gagne and Claudia Griffin, L.C.S.W.

        Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr*

*v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that prior to his incarceration in 2013, he had been treated for mental health issues for over twenty-five years.  In August 2013, he was incarcerated at MacDougall Correctional Institution in Suffield, Connecticut.  At that time, he was under the care of Dr. Joseph Coleman and Licensed Clinical Social Worker Claudia Griffin.  The plaintiff complained on numerous occasions to these defendants that he felt his prescribed medications were not effective.  He also submitted complaints about not feeling safe, having insomnia and feeling anxious, depressed and paranoid, but the defendants failed to take any action to treat these symptoms.

On January 23, 2014, the plaintiff was involved in an incident.  As a result of the

incident, Dr. Coleman transferred the plaintiff to Garner Correctional Institution for a mental health evaluation. Dr. Patel evaluated and treated the plaintiff over a ten-day period. At the conclusion of the ten-day period, Dr. Patel cleared the plaintiff to be transferred to Northern Correctional Institution to be placed in the Administrative Segregation Program.

At Northern, Drs. Frayne and Gagne failed to properly treat the plaintiff's mental health conditions. The plaintiff experienced anxiety, headaches, stress, depression, insomnia, fear and emotional pain during his confinement at Northern. The plaintiff seeks unspecified injunctive relief and monetary damages.

Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jareck v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn. 2008). To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. *See Estelle*, 429 U.S. at 104-06. Mere negligence will not support a section 1983 claim. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law"). Furthermore, mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The plaintiff has not alleged that Dr. Patel was deliberately indifferent to his mental health needs. He only asserts that Dr. Patel examined and evaluated him for ten days. At the

3

conclusion of the ten-day period, Dr. Patel determined that the plaintiff could be transferred to Northern.  Those facts to do not state a claim of deliberate indifference to mental health needs.  The claims against Dr. Patel are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

To the extent that the plaintiff seeks monetary damages from the remaining defendants in their official capacities, those claims are barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against defendants Gagne, Frayne, Coleman and Griffin in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The court concludes that the plaintiff has stated plausible claims of deliberate indifference to his mental health needs against defendants Gagne, Frayne, Coleman and Griffin.  Thus, the Eighth Amendment claims and any state law claims of intentional or negligent infliction of emotional distress shall proceed against defendants Gagne, Frayne, Coleman and Griffin in their individual capacities, and in their official capacities to the extent that the plaintiff seeks injunctive relief.

**ORDERS**

The court enters the following orders:

(1) The Motion to Amend/Correct the Complaint [**Doc. No. 10**] is **GRANTED**.  **The Clerk is directed to revise the docket to reflect that Dr. Coleman's first name is Joseph and Dr. Gagne's first name is Gerard.  The defendant listed on the docket as Claudia Doe shall be terminated and Claudia Griffin, L.C.S.W. shall be added as a defendant.**

4

The claims against Dr. Patel are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The claims for money damages against defendants Gagne, Frayne, Coleman and Griffin in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Eighth Amendment claims of deliberate indifference to mental health needs and the claims for negligent and/or intentional infliction of emotional distress shall proceed against defendants Gagne, Frayne, Coleman and Griffin in their individual capacities, and in their official capacities to the extent that the plaintiff seeks injunctive relief.

(2) Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint and this Order on the defendants Gagne, Frayne, Coleman and Griffin in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Dr. Joseph Coleman, Dr. Mark A. Frayne, Dr. Gerard Gagne and Claudia Griffin, L.C.S.W. and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) Defendants shall file their response to the Complaint, either an answer or motion

to dismiss, within seventy (70) days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

SO ORDERED at Bridgeport, Connecticut this 22nd day of October, 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE