```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ROGER WILLIAM CARD, III

     V.

DR. COLEMAN, ET AL.
                           CASE NO. 3:14CV830 (SRU)(WIG)

**RULING ON PENDING MOTIONS**

    Pending before the Court are plaintiff's four motions for leave to file amended motions for appointment of counsel and to compel.  While Plaintiff may file these amended motions, the relief requested is denied for the reasons discussed below.  The motion to compel is denied.

**I.   Motions for Leave to File an Amended Motion for Counsel [Doc. Nos. 15, 22]**

    The plaintiff seeks leave to file amended motions for appointment of counsel in response to Magistrate Judge Garfinkel's October 8, 2014 Ruling denying his first motion for appointment of counsel.  The Court construes these motions as amended motions for appointment of counsel.

    The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel or legal assistance.  *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  In denying the plaintiff's prior motion for appointment of counsel, Judge Garfinkel noted that in July 2014, a Managing Attorney from the Inmates' Legal Assistance Program had informed the plaintiff that she could not represent him, but that legal staff in her office might be able to assist him in litigating his case.  She directed the plaintiff to schedule a legal call if he had questions or

required assistance.  *See* Rul. Pend. Mots., Doc. No. 12.

In the amended motions for appointment of counsel, the plaintiff fails to indicate whether he has contacted attorneys at the Inmates' Legal Assistance Program since the date the Court denied his prior motion for appointment of counsel.  Instead, the plaintiff asks the Court to appoint Attorney Norman Pattis to represent him as *pro bono* counsel.  The plaintiff does not, however, state whether he has made any efforts to contact Attorney Pattis to determine if he might agree to represent him as *pro bono* counsel.

The Court concludes that the plaintiff has not made sufficient efforts to secure legal assistance or representation on his own.  The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the Court at this time.

Within the amended motions for appointment of counsel, the plaintiff also states that he is requesting leave to amend his complaint and generally asserts that the court should freely grant litigants leave to amend.  He fails to include any basis to grant him leave to file an amended complaint.  Thus, to the extent that the plaintiff's motions may be construed as asserting requests for leave to amend the complaint, the requests are denied.

**II. Motions for Leave to File Amended Motions for Counsel**
    **[Doc. Nos. 20, 21]**

The plaintiff seeks leave to file amended motions for appointment of counsel.  The Court construes the motions as

amended motions for appointment of counsel.

The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel or legal assistance.  *See Hodge*, 802 F.2d at 61.  The plaintiff claims that the issues in this case are complex and that he has limited access to legal materials.  He indicates that he contacted two law firms, a legal clinic, and the New Haven County Bar Association's Lawyer Referral Service.  The two law firms declined to represent the plaintiff and the supervising attorney at the law clinic indicated that she did not have the resources to take on another case.  The staff at the Lawyer Referral Service suggested that the plaintiff contact the Inmates' Legal Assistance Program.

The plaintiff fails to indicate whether he has contacted any attorneys at the Inmates' Legal Assistance Program since the date the Court denied his prior motion for appointment of counsel, October 8, 2014.  The Court concludes that the plaintiff has not made sufficient efforts to secure legal assistance on his own.  The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the Court at this time.

In addition, Plaintiff's amended motions for appointment of counsel state that he is requesting leave to amend his complaint and generally asserts that the court should freely grant litigants leave to amend.  The plaintiff fails to include any basis to grant him leave to file an amended complaint.  Thus, to the extent that the plaintiff's motions may be construed as

asserting requests for leave to amend the complaint, the requests are denied.

**III. Motion to Compel [Doc. No. 17]**

The plaintiff states that in June 2014, he sent a request for production of documents to the defendants seeking mental health and medical files. He claims that the defendants have not responded to this request.

Rule 34, Fed. R. Civ. P. provides that a request for production of documents be served on a party to the action. *See* Rule 34(a)(1) ("[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party . . to inspect, copy, test or sample . . . items in the responding parties possession or custody or control. . . ."). The plaintiff's request for production of documents is addressed to the defendants generally. Because it is not addressed to a specific defendant, the Request for Productions of Documents is deficient. *See Hunnicutt v. Lantz*, No. 3:07-CV-1422 (JCH), 2009 WL 290994, at *1 (D. Conn. Feb. 6, 2009).

Furthermore, a party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure. Under this rule, a motion to compel must include a certification that the plaintiff has made an attempt to confer with the person or party who has failed to make disclosure in a good faith effort to resolve the discovery dispute without the intervention of the court.

The plaintiff does not indicate that he made any attempt to

confer with the defendants prior to the filing of his motion to compel.  Thus, he has not made the necessary good faith effort to resolve the discovery dispute without the Court's assistance as required by Federal Rule 37(a)(1).

Rule 37(b)1 of the Local Civil Rules of the United States District Court for the District of Connecticut requires that any discovery motion filed with the Court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed.  The rule provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1.

The plaintiff has failed to file a memorandum that includes the reasons why each of the requested documents should be allowed.  Instead, he simply says that the discovery he seeks is relevant to his claims.

Because the plaintiff has not complied with the provisions of Local Rule 37(b)1 or Federal Rules 34(a) and 37(a)1, the motion to compel is denied.

**IV. Conclusion**

The Motion to Compel [**Doc. 17**] is **DENIED**.  The plaintiff's Motions to File Amended Motions for Appointment of Counsel [**Doc. Nos. 15, 20, 21, 22**], which the Court has construed as Amended Motions for Appointment of Counsel, are **DENIED** without prejudice.  To the extent that the plaintiff's motions may be construed as asserting requests for leave to amend the complaint, the Motions [**Doc. Nos. 15, 20, 21, 22**] are also **DENIED** with regard to any such requests.

The plaintiff may file a new motion for appointment of counsel at a later stage of the litigation.  Any renewal of this motion shall include the name of each attorney or legal organization contacted, the date or dates of contact, and the reasons why assistance was unavailable.  If the plaintiff learns that Attorney Pattis is willing to be appointed as *pro bono* counsel in this case, the plaintiff may file a motion for appointment of counsel seeking to have Attorney Pattis appointed.  Any such motion must include some evidence confirming Attorney Pattis' willingness to be appointed as *pro bono* counsel.

SO ORDERED this  4th  day of December, 2014, at Bridgeport, Connecticut.

                                         */s/ William I. Garfinkel*
                                         WILLIAM I. GARFINKEL
                                         UNITED STATES MAGISTRATE JUDGE