## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROGER WILLIAM CARD, III,
       Plaintiff,

      v.                          No. 3:14-cv-830 (SRU)

JOSEPH COLEMAN, *et al.*,
       Defendants.

## RULING ON PENDING MOTIONS

    Pending before the Court are plaintiff Roger Card's three motions for leave to file an amended complaint.  For the reasons set forth below, the first two motions are denied and the third motion is granted in part.

    On October 22, 2014, the Court granted Card leave to amend to further identify the defendants named in the Complaint.  The defendants were identified as Dr. Joseph Coleman, Dr. Patel, Dr. Mark A. Frayne, Dr. Gerard Gagne and Claudia Griffin, L.C.S.W.  The Complaint included allegations about Card's mental health treatment at MacDougall Correctional Institution ("MacDougall") and Northern Correctional Institution ("Northern") from January to May 2014.  After reviewing the allegations in the Complaint, the court dismissed the claims against defendant Patel and concluded that the Eighth Amendment claims of deliberate indifference to Card's mental health needs and his state law claims of intentional and negligent infliction of emotional distress should proceed against defendants Gagne, Frayne, Coleman and Griffin.

    Card seeks leave to file an amended complaint to add new allegations regarding incidents involving his mental health treatment that have occurred since filing his Complaint.  Card claims that Dr. Cartwright and Nurse Richardson failed to provide him with proper mental health treatment during the first two to three weeks of July 2014, when he was confined at Cheshire Correctional

Institution ("Cheshire").  He also claims that Dr. Frayne and other correctional officials at Northern failed to provide him with adequate mental health treatment and were deliberately indifferent to his safety upon his return to Northern on July 17, 2014.  The court construes the motions as motions for leave to file a supplemental complaint.

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to move to file a supplemental pleading and the district court to grant such a motion, in the exercise of its discretion, upon "reasonable notice" and "on just terms."  A motion to supplement pleadings under Rule 15(d) is properly filed when a party seeks to plead a "transaction, occurrence or event that happened after the date of the pleading to be supplemented."  *Id.*  Thus, a district court may grant permission to file supplemental pleadings under Rule 15(d), "when the supplemental facts connect it to the original pleading."  *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citations omitted).   In deciding whether to grant a motion to supplement a pleading brought pursuant to Rule 15(d), a district court should consider the following factors: "undue delay, bad fath, dilatory tactics, undue prejudice to the opposing party or futility."  *Id.*, 71 F.3d at 66 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Thus, district courts should contemplate prejudice to the opposing party and, in their discretion grant "supplementation [where it] will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party."  *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).  The Court has already permitted Card leave to amend his complaint to clarify the names of the defendants.


I.      **Card's First Two Motions to Amend (docs. 18, 19)**

The first two motions to amend are essentially identical.  Card alleges that prison officials at

2

Northern transferred him to Cheshire on June 30, 2014.  During the second week of July 2014, Dr. Cartwright and Nurse Richardson examined and evaluated him and listened to his extensive mental health history.  They prescribed Klonopin to treat Card's mental illness.  Card states that he did not think this medication was a good idea in view of his extensive mental health and medication history.  In response to Card's concerns, Dr. Cartwright and Nurse Richardson informed Card that they both felt that Klonopin was the best medication to treat his mental health symptoms.

Card claims that he subsequently experienced a reaction to the medication which caused him to exhibit odd behavior.  On July 17, 2014, prison officials at Cheshire transferred Card back to Northern because he had threatened to assault staff.  Card claims that he does not remember threatening prison staff and did not receive a disciplinary report for this behavior.

Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Jareck v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn 2008).  To prevail on such a claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and intent either to deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel.  *See Estelle*, 429 U.S. at 104-06.  Mere negligence will not support a section 1983 claim.  See *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law").

Card's request to add Dr. Cartwright and Nurse Richardson as defendants to this action, as well as allegations pertaining to their treatment of him at Cheshire from June 30, 2014 to July 17, 2014, is denied.  Card has not alleged that either individual was deliberately indifferent to his medical or mental health needs.  Instead, Card asserts a disagreement with the treatment offered by

3

these individuals.  Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment.  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  Card's claim that he disagreed with the treatment administered by Dr. Cartwright and Nurse Richardson fails to state a claim under the Eighth Amendment.  Thus, permitting him leave to amend to add these allegations and defendants would be futile.  *See Quaratino*, 71 F.3d at 66 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Accordingly, the first two motions to amend are denied.

## II.     Card's Third Motion to Amend (doc. 27)

 In his third motion for leave to amend, Card seeks to add allegations and twelve new defendants related to conduct by mental health and custody officials at Northern after his return to that facility on July 17, 2014.  Card alleges that upon his arrival at Northern on July 17, 2014, mental health officials placed him on Behavioral Observation Status.  On July 18, 2014, Dr. Frayne removed Card from Behavioral Observation Status, placed him in the general population and continued the prescription for Klonopin.

During the second shift on July 19, 2014, Card allegedly asked several correctional officers, including Officer DeJesus, to contact the mental health department because he needed to speak to someone about mental health issues.  The officers notified the mental health department and reported to Card that someone from mental health had indicated that he or she would come to visit him.  No one from mental health came to see Card.

Later that evening, Correctional Officer DeJesus observed Card ripping up his sheets.

4

Officer DeJesus ordered Card to stop the behavior, but Card refused to do so.  Correctional Officer DeJesus tried to call for assistance, but his radio failed to transmit.  When another officer in the control pod opened Card's cell door, Officer DeJesus shut the door and went to summon assistance, instead of trying to help Card.  When Officer DeJesus returned to Card's cell, he observed Card hanging from the top bunk by his neck.  He waited at the cell for assistance.

When Lieutenants Bouchard and Josefiak arrived, they were unable to open Card's cell door because it had jammed.  Eventually, someone kicked open the door, cut the sheet from Card's neck and lowered him to the floor.  Prison officials then rushed Card to the hospital by ambulance for treatment.  Hospital officials discharged Card later that day.

Card does not allege that Lieutenants Bouchard and Josefiak were deliberately indifferent to his safety when they arrived at his cell.  They immediately made attempts to open the cell door and were ultimately able to enter the cell and assist in removing the ligature from around Card's neck.  Because there are no facts to suggest that Lieutenants Bouchard and Josefiak were deliberately indifferent to Card's safety, the request to add them as defendants is denied.

Card generally asserts that Warden Cournoyer and Deputy Warden Mulligan were in charge of the operation of Northern, Health Administrator Furey was in charge of the medical and mental health staff at Northern, and Dr. Wright was in charge of medical staff at Northern.  These allegations are insufficient to state a claim against Warden Cournoyer, Deputy Warden Mulligan, Health Administrator Furey or Dr. Wright.  The motion for leave to amend is denied as to the request to add these individuals as defendants.

Card does not allege how Correctional Officer Iciak was involved in the events surrounding his July 19, 2014 suicide attempt.  The Incident Report attached to the motion to amend suggests

that Officer Iciak arrived at Card's cell and used a special tool to cut the sheet from around Card's neck.  This conduct does not constitute a violation of Card's federally or constitutionally protected rights.  The motion to amend is denied as to Officer Iciak.

Card claims that Dr. Frayne erred in releasing him from Behavioral Observation Status on July 18, 2014 and placing him in general population.  Card alleges that Nurses Balatka, Mosier and Hill were on duty in the medical/mental health department on July 19, 2014 and failed to come to his cell to speak to him.  He contends that Officer DeJesus should have attempted to help him rather than leaving his cell and waiting for others to arrive.  Card states that Captain Marine reviewed the Incident Report and found no fault on the part of Officer DeJesus in handling the incident.  These allegations state plausible claims of deliberate indifference to safety or mental health needs.

Card does not attach a proposed amended complaint to his motion.  The court will permit Card to file an amended complaint to include allegations regarding his suicide attempt on July 19, 2014, provided he can allege how each of the following defendants were deliberately indifferent to his safety or mental health needs: Dr. Frayne, Captain Marine, Correctional Officer DeJesus, Nurse Nancy Hill, Nurse Paul Balatka and Nurse Mosier.

III.    **Conclusion**

Card's first two Motions to Amend the Complaint (docs. 18, 19) are **DENIED**.  His third Motion to Amend (doc. 27) is **DENIED IN PART** with respect to his request to add Warden Cournoyer, Deputy Warden Mulligan, Officer Iciak, Health Administrator Furey, Lieutenant Bouchard, Lieutenant Josefiak and Dr. Wright as defendants.  His third Motion to Amend is **GRANTED IN PART** to the extent that Card seeks to add allegations of deliberate indifference to

6

his safety and mental health needs against Dr. Frayne, Captain Marine, Correctional Officer DeJesus, Nurse Nancy Hill, Nurse Paul Balatka and Nurse Mosier.  **Card may file an amended complaint within TWENTY DAYS of the date of this order, January 26, 2015, that includes allegations against Dr. Frayne, Captain Marine, Correctional Officer DeJesus, Nurse Nancy Hill, Nurse Paul Balatka and Nurse Mosier, provided he can allege how each individual was deliberately indifferent to his safety or mental health needs**.

Card is notified that an amended complaint completely replaces a prior complaint or amended complaint.  Thus, to the extent that Card seeks to proceed with the claims in his original Complaint (doc. 1) regarding mental health treatment at MacDougall and Northern from January to May 2014 against Dr. Joseph Coleman, Dr. Mark A. Frayne, Dr. Gerard Gagne and Claudia Griffin, L.C.S.W, **those claims must also be included in the amended complaint.**

If Card chooses not to file an amended complaint within the time specified, the case will proceed ONLY on the claims contained in the Complaint against defendants Coleman, Gagne, Griffin and Frayne.

It is so ordered.

Dated at Bridgeport, Connecticut, this 6th day of January 2015.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

7