UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROGER WILLIAM CARD, III,

    Plaintiff,

       v.                              No. 3:14CV830(VAB)(WIG)

DR. COLEMAN, ET AL.,

    Defendants.

_____X

## RULING ON PENDING MOTION

    The plaintiff has filed a renewed motion seeking leave to file an amended/supplemental motion for the appointment of *pro bono* counsel. To the extent that the plaintiff seeks permission to file an amended/supplemental motion for appointment of counsel, the motion is granted. The relief requested, however, is denied.

    As a preliminary matter, civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61.

    Attached to his motion is a letter from Attorney Sydney T. Schulman. In the letter, Attorney Schulman informed the plaintiff that the Inmates' Legal Assistance Program ("ILAP")

would not exist after June 30, 2015.  Thus, attorneys at ILAP would not be able to assist the plaintiff after that date.

As of July 1, 2015, the Inmates' Legal Aid Program operated by Bansley | Anthony, LLC replaced the former ILAP operated by Sydney T. Schulmann Associates.  Attorneys at the new program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

There is no indication that the plaintiff has made any attempts to contact ILAP with regard to any questions he might have about litigating this case further.  The Court concludes that the plaintiff has made insufficient efforts to secure legal assistance on his own.  The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the Court at this time.  *See Hodge*, 802 F.2d at 61.

## Conclusion

For the reasons set forth above, the Motion for Leave to File Amended Motion for Counsel - Supplemental Motion [**Doc. No. 41**] is **GRANTED** to the extent that the plaintiff seeks leave to file a supplemental motion for appointment of counsel and **DENIED** to the extent that the plaintiff seeks the appointment of counsel.  The plaintiff may file a new motion for appointment of counsel at a later stage of the litigation, after he has made attempts to seek assistance from the Inmate Legal Aid Program.

SO ORDERED this  6th  day of October, 2015, at Bridgeport, Connecticut.

              */s/ William I. Garfinkel*
             WILLIAM I. GARFINKEL
             United States Magistrate Judge